IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SARA TAYLOR, individually and on behalf of all others similarly situated, | § § § § | |
| Plaintiff, | § § | |
| V. | § § | No. 3:24-cv-2889-L-BN |
| GAINSCO AUTO INSURANCE AGENCY, INC., | § § § § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

This case has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and an order of reference from United States District Judge Sam A. Lindsay. *See* Dkt. No. 15.

The Parties have filed a joint status report to assist the Court in entering a scheduling order under Federal Rule of Civil Procedure 16(b). *See* Dkt. No. 12.

In the joint status report, Defendant GAINSCO Auto Insurance Agency, Inc. ("GAINSCO") asks the Court to bifurcate discovery into two phases – with the first phase relating to the elements of Plaintiff Sara Taylor's anticipated class certification motion and the second phase addressing discovery that "may or may not be needed for a class trial," which appears to allude to merits discovery. *Id.* at 9.

And, so, the Court construes GAINSCO's bifurcation request in the joint status report as a motion to bifurcate discovery.

Plaintiff Sara Taylor opposes bifurcated discovery in this case. *See id.* at 7-8.

For the reasons explained below, the Court denies GAINSCO's motion to bifurcate discovery [Dkt. No. 12].

## Background

This case concerns a class action lawsuit alleging violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

Plaintiff Sara Taylor alleges that Defendant GAINSCO placed multiple prerecorded telemarketing calls to her cellular phone without her prior express written consent in violation of the TCPA. *See* Dkt. No. 1.

Taylor alleges the following putative class:

> All persons throughout the United States (1) to whom Gainsco Auto Insurance Agency Inc. placed, or caused to be placed, a call, (2) directed to a number assigned to a cellular telephone service, but not assigned to a person with an account in collections with Gainsco Auto Insurance Agency Inc., (3) in connection with which Gainsco Auto Insurance Agency Inc. used an artificial or prerecorded voice, (4) from four years prior to the filing of this complaint through the date of class certification.

*Id.* at 4.

GAINSCO denies TCPA liability and contends that Taylor cannot maintain her lawsuit as a class action because it fails to meet the requirements of Federal Rule of Civil Procedure 23.

## Legal Standards & Analysis

"Under [Federal Rule of Civil Procedure] 42(b), district courts have discretion to bifurcate trials '[f]or convenience, to avoid prejudice, or to expedite and economize.'" *Pharmerica Corp. v. Advanced HCA LLC*, No. 2:17-cv-00180-JRG, 2018

WL 3326822, at *1 (E.D. Tex. May 1, 2018) (quoting Fed. R. Civ. P. 42(b)). "The decision to bifurcate 'is a matter within the sole discretion of the trial court.'" *Id.* (quoting *First Tex. Sav. Ass'n v. Reliance Ins. Co.*, 950 F.2d 1171, 1174 n.2 (5th Cir. 1992)).

And Federal Rule of Civil Procedure "26 affords trial courts ample authority to control the sequence and timing of discovery." *E.E.O.C. v. Lawler Foods, Inc.*, 128 F. Supp. 3d 972 (S.D. Tex. 2015).

The issue before the Court is whether it should bifurcate discovery into two phases – class-based and merits discovery.

GAINSCO argues that discovery should "first address whether a class may be certified and, if so, the second phase addresses any additional discovery for a class trial." Dkt. No. 12 at 4. GAINSCO contends that phased discovery will avoid burden and expense for all parties and the Court. *See id.*

Taylor opposes bifurcated discovery because there is "significant overlap" between class and merits discovery in TCPA cases. *Id.* at 7.

As to class certification under Rule 23, the Supreme Court has instructed that "certification is proper only if 'the trial court is satisfied, after a rigorous analysis, that the prerequisites of Rule 23(a) have been satisfied.'" *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350-351 (2011) (quoting *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 161 (1982)).

And "[f]requently that 'rigorous analysis' will entail some overlap with the merits of the plaintiff's underlying claim" because "the class determination generally involves considerations that are enmeshed in the factual and legal issues comprising the plaintiff's cause of action." *Id.* at 351 (cleaned up).

Considering *Dukes* and the "rigorous analysis" requirement for class certification, district courts have been reluctant to bifurcate class-related discovery from discovery on the merits. *See Ahmed v. HSBC Bank USA, Nat'l Ass'n*, No. EDCV152057FMOSPX, 2018 WL 501413 (C.D. Cal. Jan. 5, 2018) (declining to bifurcate discovery in TCPA case and stating that "the distinction between class certification and merits discovery is murky at best and impossible to determine at worst"); *Chen-Oster v. Goldman, Sachs & Co.*, 285 F.R.D. 294, 300 (S.D.N.Y. 2012) (collecting cases).

In another TCPA case, *Cardenas v. Resort Sales by Spinnaker, Inc.*, No. 9:20-cv-00376-RMG, 2021 WL 733393 (D.S.C. Feb. 24, 2021), the Court found that bifurcation would not serve the interests of judicial economy given the plaintiff's "persuasive argument that the evidence needed to determine whether [they] have a claim substantially overlaps with [their] ability to represent a class under [Rule] 23." *Cardenas*, 2021 WL 733393, at *3.

And, so, the Court agrees with Taylor that bifurcation would not promote efficiency because there is considerable overlap between discovery relevant to the merits of her individual claims and issues of class certification. *Accord True Health Chiropractic Inc. v. McKesson Corp.*, 2015 WL 273188, *2-3 (N.D. Cal. 2015)

(declining to bifurcate a TCPA class action and noting that individual and class discovery claims typically overlap).

And, in light of the bulk of authority discussing the lack of a "bright line" distinction between merits and class discovery, bifurcation could lead to avoidable, future disputes over whether a particular discovery request relates to the merits or to class certification. *See Quinn v. Specialized Loan Servs., LLC*, 321 F.R.D. 324, 327–28 (N.D. Ill. 2017); *see also City of Pontiac General Employees' Retirement System v. Wal–Mart Stores, Inc.,* 2015 WL 11120408, *1–2 (W.D. Ark. 2015) (bifurcation may force the court to resolve "endless discovery disputes"); *True* Health, 2015 WL 273188, at *3 (finding that bifurcation "raise[s] a slew of issues as to what discovery relates to the class, as opposed to the named plaintiffs, thereby causing additional litigation regarding the distinction between the two.").

And, so, considering the binding law from *Dukes* and persuasive authority from other district courts, the Court declines to bifurcate discovery in this case.

## Conclusion

For the reasons explained above, the Court denies GAINSCO's motion to bifurcate discovery [Dkt. No. 12]. The Court will separately enter a scheduling order under Federal Rule of Civil Procedure 16(b) in accordance with this Memorandum Opinion and Order.

SO ORDERED.

DATED: March 24, 2025

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE